**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Criminal Case No. 11-cr-00239-CMA
(Removal from Colorado Court of Appeals, No. 10CA2637)

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

EDWIN MARK ACKERMAN,

    Defendant.

---

**ORDER CONSTRUING MOTION TO REMOVE
AS FILED PURSUANT TO 28 U.S.C. § 2254
AND CLOSING ACTION**

---

Mr. Edwin Mark Ackerman, acting *pro se*, initiated this action by filing a "Motion to Remove 2010CA2637 to U.S. District Court," stating that he is removing to this Court the Colorado Court of Appeals denial of his postconviction motion. The Court must construe Mr. Ackerman's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

The Court has reviewed the Motion to Remove and finds that it is deficient. Generally, only a civil action may be removed from state court to the federal district court, except in specific enumerated circumstances not applicable here. *See* 28 U.S.C. § 1441(a); § 1442 (criminal prosecution against United States, federal agency or federal

officer may be removed to federal district court); § 1442a (criminal prosecution against member of armed forces arising out of officer or status may be removed to federal district court).

Further, to the extent Mr. Ackerman seeks to remove this action pursuant to 28 U.S.C. § 1443, he has failed to allege any grounds for the removal. The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Mr. Ackerman's Motion to Remove does not state any specific factual allegations that he is being discriminated against on the basis of his race in a state criminal prosecution.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Ackerman has failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Mr. Ackerman also has failed to demonstrate a basis for removal pursuant to 28 U.S.C. § 1443(2). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Ackerman does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Furthermore, Mr. Ackerman has not complied with the procedural requirements for removal. A notice of removal in a criminal case must be filed within thirty days after arraignment, unless good cause is shown. *See* 28 U.S.C. § 1446(c)(1). Mr. Ackerman pled guilty to a felony in 1995 and was sentenced to thirty-five years of incarceration in the criminal case that he is seeking to remove. *See* Mot. to Remove at 30.

In sum, it is clear on the face of the Notice of Removal and attached exhibits that removal of these actions should not be permitted. Nonetheless, the action will not be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4) because a criminal proceeding no longer is pending. To the extent, however, that Mr. Ackerman is attempting to raise a *habeas corpus* claim regarding his state criminal case, the Court will order the action construed as filed pursuant to 28 U.S.C. § 2254 and direct the Clerk of the Court to open a new § 2254 action. Accordingly, it is

ORDERED that the Motion to Remove is construed liberally as asserting claims pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the Clerk of the Court is directed to close the instant action in this case. It is

FURTHER ORDERED that the Clerk of the Court is directed to open a separate action pursuant to 28 U.S.C. § 2254 and place the action on the *pro se* docket for further initial review. It is

FURTHER ORDERED that the Clerk of the Court shall place a copy of the Motion to Remove, filed on June 15, 2011, in the new, separate 28 U.S.C. § 2254 action.

DATED: May   21  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4